UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| ANTHONY LECO, JR. | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-2912 |
| MARTIN OPERATING PARTNERSHIP, L.P. ET AL. | SECTION: "S" (3) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having considered the evidence presented to the court at trial without a jury, the court finds that the "Receipt and Release" of all claims executed by Anthony Leco, Jr. is enforceable. **IT IS HEREBY ORDERED** that there be judgment in favor of the defendants, Martin Operating Partnership, L.P., Martin Midstream Partners, L.P., Martin Marine and Martin Resources Management Corporation, and against the plaintiff, Anthony Leco, Jr., dismissing the complaint.

### I. BACKGROUND

Anthony Leco was employed by Martin Marine as a seaman and member of the crew of the M/V LORI JOHNSON. On September 18, 2008, Leco injured his left arm, wrist, and lower back when he fell in the vessel's lavatory. Martin Marine's adjuster, Hal Hirschfield of Halverson, Hirschfield and Associates, arranged for Leco's treatment for his injuries.

On November 19, 2008, Hirshfield contacted Leco and offered a settlement of $10,000, and Leco agreed to accept the offer. On November 20, 2008, Leco met with Tommy Halverson, Hirschfield's partner, in Covington, Louisiana. Leco accepted $10,000 and signed a release.

On March 2, 2009, Leco filed a complaint for damages against Martin Operating Partnership, L.P., Martin Midstream Partners, L.P., Martin Marine, and Martin Resources Management Corporation under the Jones Act and the general maritime law. The parties agreed to proceed to a one-day bench trial on February 11, 2010, on the sole issue of the enforceability of the "Receipt and Release" executed by Leco.

## II. DISCUSSION

Leco maintains that he misunderstood his conversation with Hirschfield about the scope of the settlement, Halverson's explanation of the "Receipt and Release," and the content of the release. Leco testified that he believed that he was agreeing to an advance of maintenance payments, not a release of his negligence claims against his employer.

After considering the documentary and testimonial evidence at trial, the court finds that the release of Leco's claims against Martin is enforceable. The recording of the meeting in which Leco released his claims and received a check for $10,000 in settlement of those claims establishes that the claims adjuster explained in detail Leco's rights and that he would be giving up his rights in settlement of his claims. Leco acknowledged that he understood his rights and that his financial circumstances were the reason for entering into the settlement and accepting $10,000. The court finds that the testimony that Leco did not understand the terms of the settlement and the consequences of the receipt and release is not credible. The settlement

agreement establishes that Leco released all of his rights against his employer and all claims related to the September 18, 2008, accident. Accordingly, the defendants have carried their burden of proving that the release is enforceable.

Leco's claims against the defendants are dismissed with each party to bear its own costs.

New Orleans, Louisiana, this __25th__ day of February, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**